IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| L.B., a minor, by and through her guardian, ANN BROCK, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & COMPANY HEALTH PLAN and UNITED BEHAVIORAL HEALTH, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) **Case Number: 3:13-CV-00176-MOC** |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO CORRECT THE ADMINISTRATIVE RECORD AND,
ALTERNATIVELY, FILING OF PROPOSED MATERIALS
EXTRINSIC TO THE ADMINISTRATIVE RECORD**

Defendants United Behavioral Health, Inc. ("UBH") and Wells Fargo & Company Health Plan (the "Plan") submit this response to Plaintiff's Motion to Correct the Administrative Record to add two letters to the Administrative Record that did not exist and were not considered by United Behavioral Health at the time of the internal administrative appeal and, as grounds, state as follows:

**Background**

The claim in this lawsuit is that coverage was wrongfully denied under an ERISA-governed plan for inpatient mental health treatment of Plaintiff's minor child at the Menninger Clinic in Houston, Texas.

1298790.1

The Menninger Clinic requested benefit coverage for inpatient mental health services on behalf of Plaintiff's daughter on December 6, 2011. UBH's associate medical director, a board certified psychiatrist, determined on December 9, 2011 that the patient's condition did not satisfy the level of care guidelines for a mental health acute <u>inpatient</u> and, therefore, benefits were not available for the admission. The letter detailing the denial plainly stated Plaintiff's appeal rights.

Plaintiff initiated an expedited appeal of that decision under the terms of the Wells Fargo & Company Health Plan. This appeal was undertaken by another UBH associate medical director, Dr. Natasha Sane, a board certified child, adolescent, and adult psychiatrist. After reviewing all the medical records, Dr. Sane found that the Plaintiff's daughter's condition did not satisfy the coverage criteria for mental health inpatient treatment. Dr. Sane did find that the patient's condition would qualify her for coverage of mental health partial hospitalization treatment. Plaintiff elected to leave her daughter in Menninger Clinic and not pursue partial hospitalization benefits, which would have been covered. Plaintiff was notified of denial of the appeal by letter dated December 9, 2011. The denial letter alerted Ms. Brock to the availability and external review of her claim by an independent review organization. The patient was discharged from Menninger Clinic on January 11, 2012.

Plaintiff requested an external review under the terms of the Plan and UBH forwarded the medical record to MES Solutions ("MES"), a URAC certified, accredited, independent review organization on February 27, 2012. After reviewing the record, MES upheld the denial and found that the inpatient level of care was not medically necessary and that the Plaintiff's daughter's condition could have been treated at a lower level of care. Subsequently, Plaintiff filed this lawsuit.

In the course of the lawsuit, UBH learned that Plaintiff contended it had submitted two letters to MES; one from Dr. Lelio and one from Dr. Rogers, for MES to consider in the external review. The providers submitted these documents directly to MES. The documents were not provided to United at the time they were submitted.

In the course of investigating Plaintiff's contention regarding these letters, UBH contacted MES, which advised UBH that it had received Dr. Rogers' letter. MES was unable to determine if it had received Dr. Lelio's letter. MES provided a copy of the Rogers letter to UBH in response to this post-lawsuit inquiry.

Neither of these letters were before UBH at the time it conducted its administrative appeal on December 9, 2011. The letters were not written until three months later.

3

## Argument

UBH does not oppose the addition of the Rogers letter to the administrative record. Apparently, MES had it at the time it rendered its external review. UBH does oppose the addition of the Lelio letter to the administrative record because MES has not been able to confirm to UBH that it ever received it.

In any event, if the Court determines that both of these letters are to be added to the administrative record, then it is only proper that the entire record with these two letters be remanded back to UBH for it to conduct another appeal determination, since it did not have these letters before it at the time of its appeal decision on December 9, 2011. By separate motion, therefore, UBH will ask the Court, if it determines that these letters should be a part of the administrative record, to remand the record with these letters to UBH for a new appeal determination taking the letters into account.

The case law in this circuit disfavors *de novo* decisions by district courts and, rather, exhibits a clear preference for district courts to remand cases to the Plan Administrator for consideration of previously unconsidered evidence. *See Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 790 (4th Cir. 1995) (holding that because "complex medical determinations are peculiarly within the ken of medical professionals, not federal judges" benefits decision was properly remanded to plan administrator to review evidence developed since original denial and make new

determination). The reason for this is that plan administration should be left to plan fiduciaries in the first instance, not federal courts. This is especially true when, as in *Bernstein*, the plan administrator had no opportunity to review the new evidence. It is undisputed that UBH conducted its appeal on December 9, 2011. Although the Rogers letter is undated, Dr. Rogers' affidavit states that she faxed it to MES on March 9, 2012. Dr. Lelio's letter is dated March 8, 2012. These letters postdate by three months UBH's appeal decision. Under these circumstances, UBH did not have a chance to review these records. A remand is appropriate to give it the opportunity to do so. *Gilbert v. Med. Met. of Ohio Co.*, 666 F.Supp. 2d 625, 634-36 (S.D. W.Va. 2009) (remanding and holding a full and fair review warrants that omitted records be considered in the first instance by the plan administrator); *see also, Elliott v. Sarah Lee Corp.*, 190 F.3d 601, 609 (4th Cir. 1999) ("If the court believes the administrator lacked adequate evidence on which to base a decision, the proper course [is] to remand to the trustees for a new determination, not to bring additional evidence before the district court.") (internal quotations and citations omitted).

Plaintiff's citation to *Helton v. AT&T, Inc. Pension Benefit Plan*, 709 F.3d 343 (4th Cir. 2013), is inapposite. There, the plan administrator should have known of the evidence that was necessary to conduct the appeal. It is impossible that UBH should have known about the Lelio and Rogers letters because they did

not come into existence until three months <u>after</u> UBH made its appeal decision.

As the Claims Administrator for mental health benefits under the Plan, UBH is vested with the discretion to interpret the Plan and process claims and appeals. *See* Summary Plan Description, pp. UBH 621, UBH 671 (attached hereto as **Exhibit A**). It is UBH's decision that this Court will review. Plaintiff is wrong that MES is the Plan Administrator. MES is an independent review organization which provides external review of appeal decisions as required by the Patient Protection and Accountable Care Act. Pub. L. 111–148, 124 Stat. 119 (2010); 42 U.S.C. § 300gg-19(b) (2013). Such organizations are not mentioned in the Summary Plan Description other than to say an external appeal is available. *See* UBH 671. Since UBH cannot be fairly said to have abused its discretion in failing to consider two letters that did not even exist at the time it conducted its decision, common sense, in addition to the case law of this circuit, dictate that it be given the opportunity to review those letters.

As mentioned above, by separate motion, Defendants will move this Court to remand the file to UBH for a new determination that takes the two letters into consideration.

## Conclusion

**WHEREFORE**, as stated above, UBH does not oppose the addition of the Rogers letter to the Administrative Record, however, it does oppose addition of

Lelio letter since it cannot be shown to have been received by MES in the course of the external review it conducted.

Defendants' objection, of course, will be mooted if the Court ultimately elects to grant Defendants' forthcoming Motion to Remand this matter to UBH for a new determination taking into consideration new evidence submitted after the initial appeal decision by UBH.

This the 16th day of August, 2013.

Respectfully submitted,

*s/ Nathan D. Childs*
Nathan D. Childs (N.C. Bar No. 35211)
ROBINSON & LAWING, LLP
101 N. Cherry Street, Suite 720
Winston-Salem, N.C. 27101
Telephone: (336) 631-8500
Telefacsimile: (336) 631-6999
Email: nchilds@robinsonlawing.com

*Attorney for Defendants United Behavioral Health, Inc. and Wells Fargo & Company Health Plan*

## CERTIFICATE OF SERVICE

I, Nathan D. Childs, hereby certify that I have on this day electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CORRECT THE ADMINISTRATIVE RECORD AND, ALTERNATIVELY, FILING OF PROPOSED MATERIALS EXTRINSIC TO THE ADMINISTRATIVE RECORD** with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following:

>Bryan L. Tyson
>Bryan L. Tyson, PLLC
>319 S. Sharon Amity Road, Suite 200
>Charlotte, NC 28211
>Telephone: (704) 366-0333
>Facsimile: (704) 366-0099
>Email: Bryan@bryantysonlaw.com

Dated this the 16th day of August, 2013.

>*s/ Nathan D. Childs*
>Nathan D. Childs (N.C. Bar No. 35211)
>ROBINSON & LAWING, LLP
>101 N. Cherry Street, Suite 720
>Winston-Salem, N.C. 27101
>Telephone: (336) 631-8500
>Telefacsimile: (336) 631-6999
>Email: nchilds@robinsonlawing.com
>
>*Attorney for Defendants United Behavioral Health, Inc. and Wells Fargo & Company Health Plan*