# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:13cv176

| | |
|---|---|
| L.B., a minor, by and through her Guardian, ANN BROCK, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | )     **ORDER** |
| Vs. | )<br>) |
| WELLS FARGO & COMPANY HEALTH PLAN and UNITED BEHAVIORAL HEALTH, INC. | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court on defendants' Consent Motion to Seal (#40); plaintiff's Motion for Leave to File Extrinsic Materials and to Correct Administrative Record; and defendants' Motion for Stay and Order of Remand

### I. Consent Motion to Seal

With respect to the Consent Motion to Seal (#40), a party who seeks to seal any pleading must comply with Local Civil Rule 6.1 (W.D.N.C. 2009). The Local Civil Rule provides in relevant part as follows:

> **LCvR 6.1**     **SEALED FILINGS AND PUBLIC ACCESS.**
>
> (A) Scope of Rule. This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making. As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.
>
> (B) Filing Under Seal. No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.

> (C) Motion to Seal or Otherwise Restrict Public Access. A request by a party to file materials under seal shall be made by formal motion, separate and apart from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall set forth:
> (1) a non-confidential description of the material sought to be sealed;
> (2) a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
> (3) unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
> (4) supporting statutes, case law or other authority.
>
> * * *
>
> (E) Public Notice. No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C). Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24.
>
> (F) Orders Sealing Documents. Orders sealing or otherwise restricting access shall reflect consideration of the factors set forth in LCvR 6.1(C). In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted.
>
> * * *

L.Cv.R. 6.1(W.D.N.C. 2012). The requirements of Rule 6.1(C)(1) through (4) have been complied with.

As reflected in the rule, the court is required to consider the factors contained in Local Civil Rule 6.1(C). The first factor is found in Local Civil Rule 6.1(C)(1), which requires that the parties adequately describe the materials sought to be sealed. The rule requires "a non-confidential description of the material sought to be sealed." L.Civ.R. 6.1(C)(1). The rule is intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed. The description contained in the motion is adequate.

The court next considers Local Civil Rule 6.1(C)(2), which requires "a statement as to why sealing is necessary and why there are no alternatives to filing under seal." L.Cv.R.

6.1(C)(2). Such statement has been provided and is adequate as it appears that the exhibit that plaintiff seeks to seal contains information as to the name of a minor.

As to Local Civil Rule 6.1(C)(3), there are no provisions for sealing matters beyond the life of the case, inasmuch as case materials must be placed in the National Archives. If the parties believe at the conclusion of the case that such materials remain sensitive, they should move the Clerk of Court to strike any such sensitive pleadings from the official court record.

Finally, the court has considered Local Civil Rule 6.1(C)(4), which requires the parties to provide citations of law supporting the relief they seek. Plaintiff has complied with such provision and such request is consistent with <u>Media General Operations, Inc. v. Buchanan</u>, 417 F.3d 424 (4th Cir. 2005), which held as follows:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. Washington Post, 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." *Goetz*, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal. Goetz, 886 F.2d at 66.

<u>Id.</u>, at 429. The proposed sealing of the exhibit in this matter would be consistent with current case law inasmuch as the materials involve matters of little public interest, inasmuch as they relate to the name of a minor and other matters clearly intended to be confidential as provided under HIPPA.

Having considered all of the factors provided in Local Civil Rule 6.1(C), the court will grant the Motion to Seal. Inasmuch as the time for public response has not run to this motion, the court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure.

## II. Administrative Record

The remaining two motions pertain to the completeness of the Administrative Record reviewed by the claims administrator, United Behavioral Health, Inc. ("UBH"). Plaintiff moves to "correct" the administrative record by including two letters from treating physicians. Defendant moves to stay this action and to remand it to UBH to "allow for a full and fair review process on administrative appeal of Plaintiff's claim." Defendant contends that one of the letters was included in the Administrative Record but opposes the inclusion of the other. The court will calendar these motions for hearing on the court's October civil motions day.

**ORDER**

**IT IS FURTHER ORDERED** that defendants' Consent Motion to Seal (#40) is **GRANTED**, and defendants may file under seal Exhibit A to their Motion for Stay and Order of Remand and the accompanying brief.

**IT IS FURTHER ORDERED** that Defendant's Motion for Stay and Order of Remand (#42) is **CALENDARED** for October 3, 2013 at 9:30 AM.

Signed: September 4, 2013

Max O. Cogburn Jr.
United States District Judge