# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13cv176

| ANN BROCK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **ORDER** |
| Vs. | ) |  |
|  | ) |  |
| WELLS FARGO & COMPANY HEALTH PLAN and UNITED BEHAVIORAL HEALTH, INC., | ) ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the court on Plaintiff's Motion to Reopen (#90). Plaintiff wishes to submit certain additional documents to Defendant UBH, as claims administrator, for its consideration on remand. Defendant opposes the consideration of this evidence, contending that it is beyond the scope of the court's previous Order (#85) remanding the case to UBH for reconsideration based on additional evidence.

Having considered the motion and reviewed the pleadings, the court is of the opinion that while Plaintiff's new evidence may not have been contemplated by the court's Order for remand, the court will allow the submission of such evidence for consideration by UBH. Review of the docket suggests that throughout this litigation the dispute over the completeness of the Administrative Record has centered on only two documents: the letters from Drs. Lelio and Rogers. See, e.g. Pl.'s Mot. Correct Adm. R. at ¶¶ 5,6, ECF No. 30 ("Plaintiff reviewed the Administrative Record and found that two critical documents submitted to MES have been omitted from the Administrative Record."). However, other documents in the docket suggest the contrary. For example, the original proposed Order for Stay and Remand, ECF No. 42-1 at ¶2,

submitted by Defendant, would have allowed Plaintiff "to submit any and all documentation she desires." While there is evidence on both sides of the issue, this court's preference is for cases to be decided on their merits and accordingly the court will allow Plaintiff to submit all four letters <u>and</u> any other evidence she may have to Defendant UBH, as claims administrator for the plan, for its review.

The court will consider such newly created evidence as new and material evidence as provided by the sixth sentence of 42, United States Code, Section 405(g). <u>See</u> <u>Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan</u>, 195 F.3d 975, 978-979 (7th Cir. 1999) (analogizing remands in the context of ERISA to remands in the context of Social Security decisions). Accordingly, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reopen (#86) is **GRANTED** and Plaintiff shall have seven days from the entry of this Order to submit any and all relevant evidence to defendant UBH, who shall then have an additional 90 days from that date to review Plaintiff's Claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal (#93) is **GRANTED** and Exhibit B of her Reply Brief shall be filed **UNDER SEAL**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Redaction (#92) is **GRANTED**.

Signed: December 30, 2013

Max O. Cogburn Jr.
United States District Judge