UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00176-MOC

| | | |
|---|---|---|
| **ANN BROCK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED BEHAVIORAL HEALTH, INC.** | ) | |
| **WELLS FARGO & COMPANY HEALTH** | ) | |
| **PLAN,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on the joint Motion to Seal and plaintiff's Motion for Extension of Page Limit.

As to the joint Motion to Seal, when a document or a hearing is sealed, a court is required to "'state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing' to provide this court with sufficient information for meaningful appellate review." Media General Operations, Inc. v. Buchanan, 417 F.3d 424, 431 (4th Cir. 2005). In Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978) the United States Supreme Court stated,

> It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.... American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit. The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies, and in a newspaper publisher's intention to publish information concerning the operation of government.

Nixon, 435 U.S. at 597–98 (citations and footnote omitted). In this case, respective counsel have shown good cause for sealing their briefs as they involve discussions of protected health

1

records of the minor.  Finding that the privacy interest outweighs any public interest and that no other effective method exists for protecting those records, such briefs may be filed under seal along with any materials attached to those briefs.  Finally, respective counsel have shown good reasons for allowing 35 page briefs by both sides.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the joint Motion to Seal (#111) is ALLOWED and the parties are allowed to file their briefs under seal, and plaintiff's Motion for Extension of Page Limit   (#110) is GRANTED, and the page limit is reset to 35 pages for both sides.

Signed: July 17, 2014

Max O. Cogburn Jr.
United States District Judge